[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2008
THOMAS K. KAHN
CLERK

No. 07-11883
Non-Argument Calendar

_____

D. C. Docket No. 06-14206-CV-DLG

CHRIS NEWELL DOWLING,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 29, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Chris Newell Dowling, a Florida prisoner proceeding pro se, appeals the

denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254.[1]

On appeal, Dowling claims that the state trial court erred in convicting him of aggravated assault with a deadly weapon because the jury found that he did not possess a firearm during the commission of the crime. The state responds, in part, that a firearm is not required for there to be a deadly weapon. The state argues that the jury's finding as to the firearm related to whether Dowling would be subject to a mandatory minimum three-year sentence under Florida Statute § 775.087(2)(a)(1)(f), and not to whether Dowling was guilty of aggravated assault with a deadly weapon. According to the state, the victim's testimony that Dowling threatened her with a shotgun supported the finding that Dowling possessed a deadly weapon. We also note that the evidence at trial included testimony from the victim that Dowling had a knife (as well as a shotgun) and threatened to use the knife.

In any event, we conclude that Dowling procedurally defaulted this claim.[2] Dowling failed to raise any federal or constitutional issue before the Florida state

---

[1]In reviewing a district court's denial of a habeas petition, we review de novo questions of law and mixed questions of law and fact and we review findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

[2]We construe the district court's Certificate of Appealability, which was granted on the merits of Dowling's claim, to encompass the threshold procedural issue of whether that claim was procedurally defaulted. See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

courts in either his direct or collateral appeals, including the trial court error he now raises in his § 2254 petition.[3]  Thus, Dowling's claim of trial court error is unexhausted.  Because Dowling cannot seek additional review of this claim in state court, the district court properly determined that Dowling's claim was procedurally defaulted.  See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999).

Furthermore, Dowling has not shown "cause" for the default such that we may address the claim.  See Murray v. Carrier, 477 U.S. 478, 485, 106 S. Ct. 2639, 2644 (1986) (explaining that a federal court may still address a procedurally defaulted claim if the petitioner shows both "cause" and "prejudice").  Dowling contends that his appellate counsel's ineffective assistance was the cause for his failure to raise federal constitutional claims on direct appeal in state court.  However, Dowling did not raise this particular ineffective assistance of appellate counsel claim in his petition for state habeas relief.  Because Dowling did not raise his ineffective assistance of appellate counsel claim in state court and is precluded from seeking additional review of that claim in state court, Dowling's ineffective assistance of appellate counsel claim is procedurally defaulted and cannot be

_____

[3]Indeed, Dowling made no federal constitutional arguments with regard to this claim in his pro se § 2254 petition in the district court.  However, on appeal Dowling argues for the first time that the trial court's judgment of conviction for aggravated assault with a deadly weapon violated his rights to due process, equal protection and a jury trial under the Fifth, Sixth and Fourteenth Amendments.  Because Dowling's claim is clearly procedurally defaulted in the state courts, we need not address the effect of Dowling's failure to couch his claim in federal constitutional terms in the district court.

3

considered as cause for the default of his trial court error claim.  See Edwards v. Carpenter, 529 U.S. 446, 450-51, 120 S. Ct. 1587, 1591 (2000) (concluding that a federal habeas court is barred from considering a procedurally defaulted ineffective assistance of counsel claim as cause for procedural default of another claim); Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996).[4]  Further, because Dowling has failed to show cause for the procedural default of his trial court error claim, we need not address whether he showed prejudice.  See McCleskey v. Zant, 499 U.S. 467, 502, 111 S. Ct. 1454, 1474 (1991).

Finally, Dowling has not shown a fundamental miscarriage of justice that would permit us to consider the merits of his procedurally defaulted claim.  See Schlup v. Delo, 513 U.S. 298, 314-15, 115 S. Ct. 851, 860-61 (1995).  Dowling claims that he is actually innocent of the offense with which he has been convicted.  However, Dowling offered no new evidence of actual innocence.  See Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that the actual innocence exception is "exceedingly narrow in scope" and requires proof of actual innocence, not legal innocence).

---

[4]Dowling did not argue cause and prejudice as to his procedurally defaulted ineffective assistance of appellate counsel claim before the district court.  See Edwards, 529 U.S. at 452-53, 120 S. Ct. at 1591-92 (explaining that a petitioner cannot show cause for procedural default of another claim if the ineffective assistance claim was itself procedurally defaulted unless the petitioner can show cause and prejudice concerning the defaulted ineffective assistance claim).

As Dowling has not overcome the procedural default of his claim, we do not reach the merits of his claim. For these reasons, the denial of Dowling's § 2254 petition is affirmed.

**AFFIRMED.**