Henry C. BAILEY, Petitioner-Appellant,

v.

John E. NAGLE, Warden, Jeff Sessions, Attorney General for the State of Alabama, Respondents-Appellees.

No. 96-6770.

United States Court of Appeals,

Eleventh Circuit.

April 20, 1999.

Appeal from the United States District Court for the Middle District of Alabama. (No. CV-95-T-262-N), Myron H. Thompson, Judge.

Before HATCHETT, Chief Judge, CARNES, Circuit Judge, and FARRIS[*], Senior Circuit Judge.

PER CURIAM:

Henry C. Bailey, an Alabama prisoner, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Bailey was convicted in 1991 of one count of illegal distribution of crack cocaine. Pursuant to the Alabama Habitual Felony Offender Act ("AHFOA"), Ala.Code § 13A-5-9, the court enhanced his sentence to life imprisonment because of three prior drug-related convictions in 1982, and he is currently serving that term. Bailey filed the instant petition for a writ of habeas corpus in district court on February 25, 1995.[1] A magistrate judge recommended that Bailey's petition be denied, supplementing that recommendation on June 21, 1996 to include consideration of two subsequent amendments to Bailey's petition, but adhering to the original recommendation of denial. The district court adopted the magistrate's judge's recommendation and ordered the petition dismissed on July 11, 1996.[2]

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[1]Because the petition was filed before April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), does not govern this appeal.

[2]This case was previously before this court sitting *en banc* for purposes of analyzing the limited issue of whether a district court has authority to grant a certificate of appealability under the AEDPA. *Hunter v. United States*, 101 F.3d 1565 (11th Cir.1996) (en banc), *cert denied,* 520 U.S. 1211, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997), *overruled in part by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The issue litigated in the previous appeal has no relevance to the issues presently

This case has a long history. Prior to filing the instant petition, Bailey took a direct appeal of his conviction and on two separate occasions sought post-conviction relief *pro se* in the Alabama courts pursuant to Ala. R.Crim. P. 32. The Alabama Court of Criminal Appeals affirmed the direct appeal in a memorandum order, dated November 15, 1991, *Bailey v. State,* 595 So.2d 915 (Ala.Crim.App.1991) (Table), and the Alabama Supreme Court denied certiorari on February 21, 1992, *Ex parte Bailey,* 628 So.2d 1078 (Ala.1992) (Table). Bailey filed his first post-conviction Rule 32 petition on March 13, 1992 ("1992 Rule 32 Petition"), and the Alabama circuit court denied it on April 15, 1992, after an evidentiary hearing. Bailey did not appeal from this April 15, 1992 denial within the requisite time period, allegedly because he did not timely receive a copy of the court's order. When Bailey moved for an out-of-time appeal of the denial of the 1992 Rule 32 Petition, he was informed that the proper vehicle for obtaining such review under Alabama law was simply to file another Rule 32 petition.[3]

Attempting to follow this instruction, Bailey filed additional *pro se* Rule 32 petitions on April 28, 1993 and June 24, 1993[4] (collectively, "1993 Rule 32 Petitions"). The court denied the 1993 Rule 32 Petitions on February 11, 1994 under the authority of Ala. R.Crim. P. 32.2(b), which forbids successive Rule 32 appeals, except for good cause or to prevent a miscarriage of justice. The Alabama Court of Criminal Appeals affirmed the denial of the 1993 Rule 32 Petitions, adding as an additional ground for denial the fact

before the Court.

[3]Bailey apparently tried to amend the 1992 Rule 32 Petition on June 5, 1992, unaware that it had already been denied; the court construed the purported amendment as a new, separate Rule 32 petition and denied it on June 10, 1992.

[4]The April 28 petition simply explained the circumstances that allegedly excused Bailey's failure to appeal the denial of the 1992 Rule 32 Petition, but did not contain any substantive grounds for relief from the underlying conviction. The June 24 petition added substantive grounds. Although the two documents are styled as two separate petitions, the Alabama courts apparently construed the June 24 petition as merely an *amendment* of the April 28 petition, and treated them together as a single petition. We do the same.

that none of Bailey's contentions stated a claim, Ala. R.Crim. P. 32.7(d). *Bailey v. State,* 668 So.2d 926 (Ala.Crim.App.1994) (Table).[5]

Because the issue of procedural default is paramount in this case, it is important to identify precisely what issues were raised in the various Alabama proceedings and when. On direct appeal, Bailey raised the following issues: (1) whether he had been denied a speedy trial; and (2) whether the three 1982 convictions used as predicates for the sentence enhancement under the AHFOA should have been treated as a single conviction due to their closeness in time. (Neither of these grounds are relevant to the instant case.)

In the 1992 Rule 32 Petition, Bailey raised the following issues: (1) whether trial counsel was ineffective for failing to object to the racial composition of his jury; and (2) whether trial counsel was ineffective for failing to object to the AHFOA enhancement on the ground that the state had insufficiently proven the voluntariness of his guilty pleas in the three 1982 predicate convictions.

In the 1993 Rule 32 Petitions, Bailey raised the following issues: (1) a chain-of-custody problem with cocaine evidence used to convict him; (2) ineffective assistance of trial counsel for failure to investigate the chain-of-custody; (3) police alteration of evidence; and (4) that his failure to appeal the 1992 Rule 32 Petition in time resulted from lack of timely receipt of the Rule 32 court's order.

In this case, Bailey's petition (incorporating amendments filed on November 21, 1995 and February 26, 1996) alleges the following grounds for relief: (1) the prosecution failed to prove an unbroken chain-of-custody of crucial evidence; (2) ineffective assistance of appellate counsel for (a) not investigating or objecting to the admission of the evidence allegedly tainted by chain-of-custody problems, (b) failing to raise the chain-of-custody issue on direct appeal, and (c) not allowing him to testify concerning the chain-of-custody; (3) alleged government alteration of evidence; (4) the fact that his failure to appeal the denial of the 1992 Rule 32 Petition was not his fault; and (5) the prior convictions used to enhance his

_____

[5]Bailey actually filed a notice of appeal in July 1993 because he apparently was under the impression from the Rule 32 judge's remarks at a hearing on July 9, 1993 that his claims were being denied. The Alabama Court of Criminal Appeals dismissed this interlocutory appeal as premature, and Bailey re-filed his appeal once the 1993 Rule 32 Petitions actually were denied in a written order.

sentence under the AHFOA were not valid for enhancement purposes due to (a) the fact that they were drug-related, (b) the fact that his guilty please were uncounseled, and (c) the fact that no "Ireland forms" showing the voluntariness of his predicate convictions were executed at the time of those convictions.

The magistrate judge and district court concluded that Bailey's claims regarding the improper enhancement of his sentence under the AHFOA and ineffective assistance of trial counsel were procedurally barred because they had never been presented properly to any state court. They did not articulate why they viewed these claims as never properly presented. Whether Bailey is procedurally barred from raising particular claims is a mixed question of law and fact that we review *de novo. Agan v. Vaughn,* 119 F.3d 1538, 1541 (11th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1305, 140 L.Ed.2d 470 (1998).

A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Such procedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision. *Atkins v. Singletary,* 965 F.2d 952, 956 (11th Cir.1992), *cert. denied,* 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995); *Meagher v. Dugger,* 861 F.2d 1242, 1245 (11th Cir.1988). Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal. *Snowden v. Singletary,* 135 F.3d 732, 737 (11th Cir.), *cert. denied,* --- U.S. ----, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998); see also 28 U.S.C. § 2254(b)(1)(A)(1994)(pre-AEDPA) ("An application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State....").

4

Our analytic task first involves dividing the claims Bailey makes in this petition into two categories: (1) those that were actually presented to the Alabama courts, and (2) those that were not presented to the Alabama courts. As to the former, we ask whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar, i.e., an adequate and independent state ground. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). As to the latter, we ask whether any attempt Bailey now makes to exhaust his claims in the Alabama courts would be futile under Alabama procedural default doctrine. *Snowden,* 135 F.3d at 737 ("Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile.").

A.     CLAIMS ACTUALLY RAISED IN STATE COURT

The first category includes Bailey's claims regarding (1) the argument that the prosecution failed to prove an unbroken chain-of-custody of the cocaine evidence; (2) ineffective assistance of counsel for failing to investigate the chain-of-custody issue;[6] (3) alleged police alteration of evidence; and (4) the fact that his failure to appeal the denial of the 1992 Rule 32 Petition was not his fault, because all of these claims were raised in the 1993 Rule 32 Petitions. The first category can ignore Bailey's direct appeal because no overlap exists at all between the claims made in this case and the claims made in those proceedings. Also, the first category can ignore the 1992 Rule 32 Petition because Bailey's failure to appeal the denial of that petition meant that the claims were never exhausted. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Coleman v. Thompson,* 501 U.S. 722, 740, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (failure to take timely appeal of state postconviction court's denial

---

[6]The first category does not include Bailey's two other ineffective-assistance-of counsel claims, regarding the failure to raise the chain-of-custody issue on appeal and not allowing Bailey to testify regarding the chain-of-custody. Those particular issues were never presented to the state courts. While they are related to ineffective assistance of counsel for failure to investigate the chain-of-custody of the cocaine evidence, which was raised in state court, "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir.1992). We will consider the other two ineffective-assistance claims using the analysis for claims that were never raised in state courts.

5

of petition constituted procedural default); *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir.1980)[7] ("[T]he exhaustion doctrine requires that the federal claim must have been presented to the highest court of the State, either on direct review or in a post-conviction attack."). Even if we treat the claims in the 1992 Rule 32 Petition as exhausted due to the lack of fault on Bailey's part for not timely appealing, no overlap exists between those claims and the claims made in this petition.[8]

We are satisfied that the Alabama courts denied the 1993 Rule 32 Petition on the adequate and independent state procedural ground of successiveness. *See generally* Ala. R.Crim. P. 32.2(b) ("A second or successive [Rule 32] petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."). In its February 11, 1994 order, the Rule 32 court found that "[t]he Petitioner has failed to show good cause why the grounds raised in the instant petitioner were not known or could not have been ascertained through reasonable diligence at the time his first and second petitions were heard. Further, the Petitioner has failed to show that failure to entertain this petition will result in the miscarriage of justice." However, the Alabama Court of Criminal Appeals complicated matters slightly, by stating in its November 10, 1994 memorandum affirmance of the Rule 32 trial court's order,

[7]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

[8]Bailey did argue in the 1992 Rule 32 Petition that his counsel rendered ineffective assistance in failing to object to the sufficiency of the State's proof that his guilty pleas in the 1982 convictions used as predicates under the AHFOA were voluntary. In this petition, he makes a similar claim (amendment dated November 25, 1991), stripped of the ineffective-assistance cloak, raising the issue "whether the priors used [to] bring the accused under the provision of the habitual offender statute must have consisted of Ireland forms," and implying that the failure to use such forms rendered the predicate convictions involuntary. An ineffective-assistance claim is analytically distinct from the substantive claim underlying it. Therefore, whether or not Bailey exhausted his ineffective-assistance claim regarding the voluntariness of his predicate convictions, his current substantive claim was not presented to the Alabama courts. *Cf. Levasseur v. Pepe*, 70 F.3d 187, 192 (1st Cir.1995) (finding that prior court's treatment of petitioner's underlying substantive claims in the context of ruling on his ineffective assistance claim did not preserve substantive claims themselves for review on collateral attack).

The appellant's argument, that the trial court erred in denying his Rule 32, A.R.Cr.P. petition as successive because it was a vehicle for an out-of-time appeal of his original petition, is without merit. Summary disposition of the petition was proper on another procedural ground, as the appellant failed to state a claim. Rule 32.7(d), A.R.Cr.P. The appellant did not show that his attorney was ineffective according to the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Whether Bailey's claims that were raised in the 1993 Rule 32 Petitions are now procedurally barred turns on interpretation of the above language.

In *Harris v. Reed,* 489 U.S. at 260, 109 S.Ct. 1038 (1989), the United States Supreme Court was confronted with the situation of a section 2254 habeas corpus petitioner whose ineffective-assistance claims in a state post-conviction relief proceeding had been rejected by the state appellate court in an unpublished opinion. That opinion stated that the petitioner had waived those claims through not presenting them on direct appeal (i.e., a state-law procedural default), but proceeded to analyze the claims on the merits and reject them. The question was whether the federal court in the section 2254 proceeding should refuse to review the claims because state procedural default rules barred them due to the ambiguity in the state appellate court's decision about the ground it was relying upon. The Court held that "[a] procedural default does not bar consideration of a federal claim on ... habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a procedural bar." *Id.* at 263, 109 S.Ct. 1038 (internal quotations omitted). In *Harris,* the state appellate court had "laid the foundation" for a holding based on waiver noting the petitioner's failure to raise his claims on direct appeal, but never stating clearly and expressly its reliance on that ground. *Id.* at 266, 109 S.Ct. 1038. Consequently, federal habeas review was not precluded.

Under *Harris v. Reed,* we must determine whether the Alabama Court of Criminal Appeals' opinion rested on independent and adequate state procedural grounds. We believe that although the Alabama Court of Criminal Appeals could have been more explicit, its opinion rested on procedural default and failure to state a claim as alternative grounds and therefore fits within the exception reserved in footnote 10 of the Supreme Court's opinion in *Harris*: "[A] state court need not fear reaching the merits of a federal claim in

7

an *alternative* holding. Through its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris,* 489 U.S. at 264 n. 10, 109 S.Ct. 1038 (emphasis in original). *See also Alderman v. Zant,* 22 F.3d 1541, 1549-51 (11th Cir.) (where a Georgia habeas corpus court found that the petitioner's claims were procedurally barred as successive, but also noted that the claims lacked merit based on the evidence, "[t]his ruling in the alternative did not have the effect ... of blurring the clear determination by the [Georgia habeas corpus] court that the allegation was procedurally barred"), *cert. denied,* 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). The presence of alternative holdings in the state appellate court's opinion distinguishes this case from *Thomas v. Harrelson,* 942 F.2d 1530, 1531-32 (11th Cir.1991), where we held that "[t]here is no procedural bar" where "the Alabama Court of Criminal Appeals, the last state court to consider this case, addressed on the merits the issue [raised in the § 2254 petition]."

Thus, the district court was correct that it was precluded from hearing those of Bailey's claims that had been declared procedurally defaulted during the state-court litigation of the 1993 Rule 32 Petitions. Again, these claims are (1) the argument that the prosecution failed to prove an unbroken chain-of-custody of incriminating evidence; (2) ineffective assistance of counsel for failing to investigate the chain-of-custody issue; (3) police alteration of evidence; and (4) the argument that Bailey's failure to appeal the denial of the 1992 Rule 32 Petition was not his fault.

B.    CLAIMS NOT RAISED IN STATE COURT

The other claims in this petition were not presented to the Alabama courts in the 1993 Rule 32 Petitions, nor in Bailey's direct appeal or 1992 Rule 32 Petition. Failure to raise those claims until now means that Bailey deprived the state courts of "the first opportunity to hear the claim[s] sought to be vindicated in a federal habeas proceeding." *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). As to these newly made claims, we apply the familiar principle that federal courts may treat unexhausted

8

claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile. *Snowden v. Singletary,* 135 F.3d 732, 737 (11th Cir.), *cert. denied,* --- U.S. ----, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998). This precept readily disposes of Bailey's remaining ineffective-assistance-of-counsel claims, as well as his claim concerning the validity of the predicate convictions for purposes of the AHFOA. Alabama law is clear that a successive petition "shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice." Ala. R.Crim. P. 32.2(b). Bailey has shown no cause why his remaining ineffective-assistance-of-counsel claims and his AHFOA claim could not have been raised in the 1992 Rule 32 Petition. The Alabama circuit court's denial of the 1993 Rule 32 petitions on successiveness grounds in 1994 provides further support that the claims newly made in this case would similarly fail Rule 32.2(b). Further, if brought at the present time in state court, the two-year statute of limitations would bar these unexhausted claims (two years after the mandate issued in the direct appeal of Bailey's conviction). *See* Ala. R.Crim. P. 32.2(c)(1).

C.    EXCEPTIONS TO PROCEDURAL DEFAULT

A habeas petitioner can escape the procedural default doctrine either through showing cause for the default and prejudice, *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or establishing a "fundamental miscarriage of justice," *Schlup v. Delo,* 513 U.S. 298, 324-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Bailey has not shown any cause for not applying the procedural bar. He claims that his inability to effect a timely appeal of the April 14, 1992 denial of the 1992 Rule 32 Petition, due to his never receiving notice of the circuit court's order, constitutes cause excusing his procedural default. This argument is meritless. The most it could do is to excuse Bailey's failure to exhaust claims made in the 1992 Rule 32 Petition (that is, his failure to appeal the denial of the 1992 Rule 32 Petition to the state court of last resort in Alabama, *see* 28 U.S.C. § 2254(c); *Rose v. Lundy,* 455 U.S. 509, 516-18, 102 S.Ct. 1198, 71 L.Ed.2d 379

9

(1982)), and thereby resurrect those claims. The only claims made in the 1992 Rule 32 Petition concerned (1) ineffective assistance of counsel for not objecting to the racial composition of Bailey's jury, and (2) ineffective assistance of counsel for not objecting to the sufficiency of the State's proof that the guilty pleas in the predicate convictions used to sentence Bailey under the AHFOA were voluntary. Bailey apparently has abandoned these clams as he did not raise them in this petition.

As far as claims not made in the 1992 Rule 32 petition are concerned, whether good cause existed for his failure to appeal the denial of that petition is irrelevant. In the proceedings on the 1993 Rule 32 Petition, the court found that the claims made in the 1993 Rule 32 Petitions were successive, they would be made no less successive if Bailey had been granted leave to file an out-of-time appeal of the denial of the 1992 Rule 32 Petition. Claims are successive when they could have been, but were not, raised in an earlier petition. *See* Ala. R.Crim. P. 32.2(b). The procedural default that is central to this case is *not* Bailey's failure to appeal the denial of the 1992 Rule 32 Petition, but rather his failure to raise the presently made claims in the 1992 Rule 32 Petition.

Consequently, Bailey has not shown the requisite cause to excuse his procedural default. Nor has Bailey established a "fundamental miscarriage of justice." That alternative method of escaping procedural default requires a colorable showing of actual innocence, which Bailey has not made. *See Schlup v. Delo,* 513 U.S. 298, 324-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). For the foregoing reasons, the district court's dismissal of Bailey's petition for a writ of habeas corpus is AFFIRMED.

AFFIRMED.

CARNES, Circuit Judge, concurring specially:

I concur in this Court's affirmance of the district court's denial of the 28 U.S.C. § 2254 petition and dismissal of the case with prejudice on procedural bar grounds, and I agree with almost all of the Court's discussion. The reason I cannot join in the opinion without reservation is that some of its discussion seems to me to confuse the doctrines of exhaustion of state remedies and procedural bar.

10

Of course, those two doctrines are related. They are related in the sense that if it is futile for a petitioner to return to state court because previous procedural defaults there will bar any relief, that futility is an "exception" to the exhaustion of state remedies requirement. We call the futility rule an "exception" to the exhaustion requirement, but in reality it is just a recognition that when there is a procedural bar that would prevent a state court from granting relief on a claim, even if that claim is meritorious, there is no effective state remedy left for the petitioner to exhaust. That is what we have in this case, so the exhaustion doctrine is not applicable.

If the exhaustion doctrine were applicable, the proper result would be dismissal of the case without prejudice in order to require the petitioner to seek relief by pursuing his remaining state court remedies. The dismissal would be without prejudice, because if the petitioner were unsuccessful with his state remedies, he could return to federal court with his claims. Instead of dismissing the case without prejudice, the district court in this case denied the habeas petition and dismissed the case with prejudice. That disposition is the correct one where a petitioner has no effective state remedies left to exhaust and the district court concludes his claims are either meritless or, as in this case, procedurally barred.

Pages 2167-2169 of this Court's opinion is the part that appears to blur the distinction between and confuse the doctrines or procedural bar and exhaustion. Consider, for example, the statement that: "if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." Op. at 2167. That and other statements in the opinion at least imply that the result in this case is based in part on the exhaustion requirement. It is not. The petitioner has no effective state court remedies left to exhaust. His claims were all procedurally defaulted in one or another state court proceeding, and accordingly, they are procedurally barred from consideration in federal court. This is a procedural bar case,

11

not an exhaustion of state remedies case.  The result in this case would have been the same if there were no exhaustion of state remedies doctrine.