[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12064
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01331-CV-T-17-EAJ

EDWARD FORD,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 26, 2009)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Petitioner is a Florida prison inmate.  Proceeding pro se, he appeals the district court's denial of his petition for a writ of federal habeas corpus.  28 U.S.C. § 2254.  In relevant part, Petitioner alleges Florida Department of Corrections ("DOC") officials denied him due process when they refused his request to review a videotape during his prison disciplinary proceeding hearing charging him with unauthorized physical contact.  The proceeding resulted in an adverse decision and the loss of gain time credit.

The district court found that Petitioner's due process claim was procedurally defaulted because the Florida circuit court, agreeing with the State, concluded that Petitioner waited until after he filed his grievance and appeal to request viewing of the videotape.  The district court therefore declined to address the merits of the claim.   Petitioner applied to the district court for a certificate of appealability ("COA").  The court denied his application, but we granted a COA on the issue of "whether the district court erred in denying appellant's due process challenge to disciplinary action taken by the Department of Corrections as procedurally defaulted."

Petitioner argues, here, that his administrative institutional grievance contradicts the State's contention that he did not ask the warden on administrative appeal to review the videotape.  He cites to various cases that deal with exhaustion

2

of state court remedies and argues in his "statement of the issues" that the district court erred by improperly deciding the disputed factual issue of whether his claim is procedurally barred. Further, he requests this court to liberally construe his § 2254 petition. Finally, he claims that the district court erred by improperly deciding disputed facts by adopting the State's response to his habeas petition even though the response was contradicted by the evidence.

The issue of whether a habeas petitioner's claims are subject to the doctrine of procedural default is a mixed question of law and fact that we review de novo. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The pleadings of a pro se litigant are liberally construed. See Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). A procedural default arises when the state court correctly applies a procedural principle of state law and concludes that the petitioner's claim is barred. Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). When a state court refuses to address the merits of a state prisoner's claims based on state law, the federal habeas court is precluded from hearing the merits absent a showing of cause for the default and actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50, 111 S.Ct. 2546, 2564-65, 115 L.Ed.2d 640 (1991); see also Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (holding that if the state court addresses both

the procedural default and the merits of a federal claim in the alternative, a federal court should apply the state procedural bar and decline to reach the merits of the claim). A federal court must determine "whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a [state] procedural bar." Bailey, 172 F.3d at 1303.

We have set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd, 250 F.3d at 1313. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." Id. Second, the state court's decision must rest entirely on state law grounds and not be "intertwined with an interpretation of federal law." Id. Third, the state procedural rule must be adequate. Id. The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. Id.; see also Ford v. Georgia, 498 U.S. 411, 423-25, 111 S.Ct. 850, 857-58, 112 L.Ed.2d 935 (1991) (holding that the state court could not procedurally bar a claim through retroactive application of a rule that did not exist at the time the rule would have applied to the petitioner's case).

4

The Florida circuit court relied on an unknown rule that seemingly holds that the proper time for a prisoner to request that a videotape be reviewed at a prison disciplinary hearing is either before or at the actual disciplinary hearing, but not after the disciplinary hearing. Neither the State, the Florida circuit court, Florida appellate court, or the district court cites to the rule, however. Without knowing the basis for the state's ruling, it is impossible for us to determine if the state court ruling constituted an independent and adequate state ground. Additionally, the record does not provide us with any other basis for affirmance of the district court's decision. Accordingly, we remand the case to the district court to determine what state procedural rule was relied upon and whether that rule constituted an independent and adequate state ground.

VACATED AND REMANDED.