[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15153
Non-Argument Calendar

_____

D. C. Docket No. 07-00103-CV-RWS-1

BENNY LEE CLARK,

Petitioner-Appellant,

versus

ROSE WILLIAMS,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 10, 2009)

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Benny Lee Clark, a Georgia prisoner proceeding pro se, appeals the dismissal of his habeas petition, 28 U.S.C. § 2254. No reversible error has been shown; we affirm.

A magistrate judge recommended dismissing Clark's section 2254 petition because all of his claims were procedurally defaulted: he had raised the identical claims in his state habeas petition, and the state court had determined that they were procedurally defaulted. Clark objected, arguing that any default in state court was caused by ineffective assistance of counsel and that dismissal of his petition would result in a miscarriage of justice because he actually was innocent of the burglary offense. The district court dismissed the petition, agreeing with the magistrate that Clark's claims were procedurally defaulted. In addition, the court determined that Clark had not demonstrated cause and prejudice for his default; nor had he made a colorable showing of actual innocence to overcome the default.

The district court granted a certificate of appealability on whether (1) Clark's Ground 2 for relief -- which alleged that the admission of similar transaction evidence at trial violated due process -- was procedurally defaulted, and (2) if not, whether admission of the evidence violated Clark's due process rights. On appeal, Clark argues that ineffective assistance of appellate counsel caused his

2

default in state court; and he maintains that he actually is innocent of the offense.

We review de novo a district court's dismissal of a habeas claim for procedural default. Fortenberry v. Haley, 297 F.3d 1213, 1219 (11th Cir. 2002).[1]

When a state-law default prevents a state court from reaching the merits of a federal claim, that claim cannot be reviewed in a federal habeas proceeding unless the petitioner can establish cause and prejudice for his default. Marek v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995). Under Georgia law, if a petitioner fails to raise timely an issue at trial or on direct appeal, (other than an issue of ineffective assistance of counsel), he is procedurally barred from raising that issue in a habeas petition absent cause and prejudice. O.C.G.A. § 9-14-48(d).

Here, Clark raised Ground 2 in his state habeas petition; but he did not raise it on direct appeal.[2] And during his state habeas proceedings, Clark did not argue cause and prejudice for his failure to raise Ground 2 on direct appeal. Thus, the state court properly determined that the claim was procedurally defaulted; and the district court properly concluded that it was precluded from hearing Ground 2 on federal review. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999)

---

[1]In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2]On direct appeal, Clark raised the single claim that the trial court erred in admitting similar transaction evidence because the prejudicial effect of the evidence substantially outweighed its probative value. This claim was evidentiary, not constitutional, in nature.

(explaining that a procedural default arises when the state court correctly applies a procedural default principle of state law and concludes that the petitioner's federal claims are barred); Marek, 62 F.3d at 1301-02.

While ineffective assistance of counsel may constitute cause for a procedural default, Hill v. James, 81 F.3d 1015, 1029 (11th Cir. 1996), the "exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause," id. (internal quotation omitted).  Clark never presented his ineffective assistance of counsel claim in state court; thus, the claim is unexhausted and cannot establish cause for his procedural default of Ground 2.  See O.C.G.A. § 9-14-51 (grounds for relief not raised in original or amended habeas petition are waived); Hill, 81 F.3d at 1029 (petitioners cannot rely on procedurally defaulted ineffective-assistance claims to establish cause).

And the district court also correctly rejected Clark's actual innocence claim. If a petitioner cannot show cause and prejudice, he still may receive consideration on the merits of his procedurally defaulted claim if he can establish a fundamental miscarriage of justice. Schlup v. Delo, 115 S.Ct. 851, 860-61 (1995).  But this "exceedingly narrow" exception requires proof of actual -- not just legal -- innocence.  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).  Clark

4

only argued that he was legally innocent of the offense; and he did not provide the required newly discovered, reliable evidence of actual innocence not presented at trial.  Id.

Because Ground 2 of Clark's section 2254 petition was procedurally defaulted and Clark did not demonstrate cause and prejudice for the default or that a miscarriage of justice would occur if this claim was not heard, we decline to address the second part of the certificate of appealability and affirm the district court's dismissal.

AFFIRMED.