[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2012
JOHN LEY
CLERK

_____

No. 11-13549
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cv-60625-WPD

EDDIE HUMPHREY,

Petitioner - Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 9, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Eddie Humphrey, a Florida state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition.[1] After careful review, we affirm.

Humphrey argues on appeal that his equal protection and due process rights were violated when his wife was compelled to testify against him at his state court trial.[2] He did not, however, raise these equal protection and due process claims in state court. Instead, he argued in his state post-conviction proceedings that his trial counsel was ineffective for failing to object to his wife's testimony. He does not raise an ineffective assistance of counsel claim here.

"A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). When a petitioner has failed to present a claim to the state courts and "it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v.

---

[1] We review de novo the district court's denial of a habeas corpus petition. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).

[2] The district court granted Humphrey a Certificate of Appealability on this issue.

<u>Singletary</u>, 135 F.3d 732, 736 (11th Cir. 1998). Here, Humphrey's failure to raise his equal protection and due process claims on direct appeal or in his first state post-conviction petition in the Florida courts bars him from raising the issues in a successive petition, <u>see</u> <u>Mills v. Florida</u>, 684 So.2d 801, 804 n.3 (Fla.1996), and he has failed to show good cause for the default. Thus, his equal protection and due process claims are procedurally barred.

**AFFIRMED.**