[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12204
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-22406-MGC

BRUCE L. SMALL,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Bruce Small, a Florida state prisoner, appeals the district court's denial of

his petition for habeas corpus pursuant to 28 U.S.C. § 2254. A Florida state jury convicted Small of selling heroin. At trial, Small argued a misidentification defense, and attempted to, in part, demonstrate the arresting officers' uncertainty as to the parties to the drug transaction by showing that they knew that a third party named "Rooster" was a local drug dealer. The only witness that Small called during his defense was one of the arresting officers in order to clarify his testimony during the prosecution's case.

Pursuant to the district court's certificate of appealability, Small argues on appeal that (1) the trial court violated his Sixth Amendment right to confront adverse witnesses when it sustained the prosecution's objection to his question of an arresting officer regarding the specific types of dealings the officer previously had with Rooster; (2) his attorney rendered ineffective assistance by failing to call Andre McMillan to testify, who would have testified that Small did not engage in the drug transaction; and (3) his attorney rendered ineffective assistance by failing to investigate and call Blance Boldos, the alleged buyer and Small's co-defendant, who would have testified that he did not buy the heroin from Small. The state responds that Small cannot show he was prejudiced by the trial court's ruling and that his ineffective assistance of counsel claims are procedurally

barred because the Florida courts dismissed them during post-conviction proceedings on independent and adequate state procedural grounds.

We review *de novo* a district court's denial of a habeas corpus petition. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Where a state court renders an adjudication of a claim on the merits, relief may only be granted where the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or if it was based upon an unreasonable determination of the facts in light of the evidence before the state courts. 28 U.S.C. § 2254(d).

A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Childers v. Floyd*, 642 F.3d 953, 971 (11th Cir.) (*en banc*), *petition for cert. filed*, (U.S. July 6, 2011) (No. 11-42). An unreasonable application of federal law occurs where the state court identifies the correct legal principle, but unreasonably applies it to the facts. *Id*. A state court's determination precludes relief so long as fairminded jurists could disagree on the correctness of the state court's decision, and it is insufficient that the state court's

decision was incorrect unless it was also unreasonable. *Id*.

Factual determinations made by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## I. Right to Confront Adverse Witnesses

That a state court resolves a constitutional claim without explanation does not lessen the deference its decision is due. *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002). Thus, we have concluded that deference is due to a state court's summary adjudication where neither party questioned that a federal constitutional issue was raised in and decided by the state court, and where grave doubt as to such did not exist. *See id*. In such a situation, the habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011).

The Sixth Amendment guarantees criminal defendants the right to be confronted with adverse witnesses. U.S. Const. amend. VI. The main purpose of this right is to secure the opportunity for cross-examination, but a defendant does not have the right to cross-examination that is effective in whatever way, and to whatever extent, he might wish. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). The right does not prevent reasonable

limitations based upon concerns about, among other things, harassment, prejudice, confusion of the issues, witness safety, or repetitive or marginally relevant testimony. *See id*. A defendant states a violation of his right to confrontation by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to expose facts from which jurors could appropriately draw inferences relating to the reliability of the witness. *Van Arsdall*, 475 U.S. at 680, 106 S.Ct. at 1436. Defendants must be permitted to engage in cross-examination where a reasonable jury might receive a significantly different impression of a witness's credibility based on the questioning. *See id*.

On habeas review, we give the state court doubly deferential review due to the ordinary discretion trial courts have in evidentiary matters and the deference mandated by § 2254. *Childers*, 642 F.3d at 975-77. We have held that, for the purposes of defining "clearly established federal law" under § 2254, a state court satisfies the "significantly different impression" test when it permits some questioning about a witness's biases. *Id*. at 975. As to how deeply state courts must permit defendants to delve into the biases, we have noted trial courts' wide discretion to limit cross-examination when they have allowed the defendant to expose some evidence of bias. *Id*.

Although the state courts did not produce a reasoned opinion, the Florida appellate court's decision is entitled to deference. Small has not demonstrated that there is no reasonable basis upon which the Florida appellate court could have denied his Sixth Amendment claim because the evidence that he sought to elicit on cross-examination was already before the jury, and Small was able to fully argue his misidentification defense in closing arguments. Accordingly, the Florida appellate court could have reasonably concluded that any Sixth Amendment error was harmless, and its decision was not contrary to, or an unreasonable application of, federal law.

## II.  Failure to Call McMillan

Whether a claim is subject to the doctrine of procedural default is a mixed question of law and fact that we review *de novo*. *Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1227 (11th Cir. 2009). We will not review questions of federal law presented in a habeas petition where the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. *Id*. We apply a three-part test in order to determine whether a state court judgment rested upon an independent and adequate state law ground: (1) the last state court rendering judgment must have clearly and expressly stated that it relied upon state procedural rules without reaching the merits of the claim;

6

(2) the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law; (3) the state procedural rule must be adequate, i.e., it must not be applied in an arbitrary, unprecedented, or manifestly unfair fashion. *Id*.

The Sixth Amendment right to counsel guarantees the right to effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063-64, 80 L.Ed.2d 674 (1984). In order to prevail on an ineffective assistance of counsel claim, the petitioner must show that counsel's performance was deficient and that the attorney's deficient performance prejudiced the petitioner. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A court does not have to address the deficiency prong if the petitioner cannot show sufficient prejudice. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Under Florida law, a post-conviction movant must, as part of the requirement to show prejudice under *Strickland*, allege that a witness was available to testify at trial if the movant wishes to raise an ineffective assistance of counsel

claim based upon a failure to call a witness to testify. *Nelson v. State*, 875 So.2d 579, 583-84 (Fla. 2004).

The Florida trial court, in the only reasoned decision addressing this claim, did not make a clear and express statement that it relied upon state procedural law when it dismissed Small's claim for failing to allege that McMillan was available to testify at his trial, and its determination was intertwined with an interpretation of federal law. Accordingly, Small's claim is not procedurally barred.

The Florida appellate court's denial of Small's ineffective assistance of counsel claim regarding McMillan was not contrary to, or an unreasonable application of, *Strickland*. The trial court identified *Strickland* as the applicable law, and did not confront a materially indistinguishable set of facts. Further, Small did not show prejudice because the substance of McMillan's prospective testimony was in evidence, and Small was able to fully present his misidentification defense in closing arguments. The Florida appellate court, therefore, reasonably concluded that Small did not establish a claim under *Strickland*.

### III. Failure to Investigate and Call Boldos

Procedural default arises where the state court correctly applies a procedural default principle of state law in concluding that the petitioner's federal claims are barred. *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999). Further, where

8

there is grave doubt that the state court applied the correct rule of governing federal law, it is tantamount to applying a rule that contradicts governing law. *See Romine v. Head*, 253 F.3d 1349, 1365 (11th Cir. 2001). Thus, where such grave doubt exists, § 2254 deference does not apply. *Id*.

Under Florida law, a judge may dismiss a second or successive post-conviction motion if it does not allege new or different grounds for relief and the claim was previously determined on the merits. Fla.R.Crim.P. 3.850(f). If the movant raised a new claim, a judge may dismiss a second or successive post-conviction motion as successive if he determines that the movant's failure to raise that claim in a previous post-conviction motion constituted an abuse of post-conviction procedures. *Id*.

In order to meet *Strickland*'s deficiency prong, a petitioner must show that his counsel's representation fell below some objective standard of reasonableness as measured under prevailing professional norms. *Blankenship*, 542 F.3d at 1272-73. More specifically, the petitioner must show that no competent counsel would have taken the course of action that his attorney took. *Id*. at 1273. This review is highly deferential, and courts must indulge the strong presumption that counsel's performance was reasonable and that all significant decisions were made in the exercise of reasonable professional judgment. *Id*. We will review the

9

sufficiency of an attorney's investigation, but strategic choices made after thorough investigation are virtually unchallengeable. *Id.* Whether to call a witness is the epitome of a strategic decision, and is one that we will seldom, if ever, second guess. *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004). The petitioner must also show that any deficiency in counsel's performance created a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Small raised this claim in two state post-conviction motions. There is grave doubt that the Florida courts resolved this claim in Small's first post-conviction proceedings because, while the trial court specifically addressed the failure to call McMillan, it omitted any reference to, or indication that it recognized, the failure to call Boldos. Moreover, the Florida courts did not correctly apply state procedural law by dismissing this claim as successive in Small's second post-conviction motion because they had not previously resolved the claim on its merits. Accordingly, this claim is not procedurally barred, and the Florida appellate court's decision is not entitled to any deference.

Nonetheless, Small failed to demonstrate that his attorney's failure to investigate and call Boldos as a witness constituted deficient performance or

prejudiced him. Small did not make any showing that it would have been unreasonable to believe that Boldos would not have waived his right against self-incrimination, and, beyond his own conclusory statements, did not make any showing that Boldos would have favorably testified. Accordingly, Small has failed to establish a claim under *Strickland*.

After careful review of the record and the parties's briefs, we affirm the district court's denial of Small's petition for habeas corpus.

**AFFIRMED.**