[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13951
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23519-MGC


MANUEL DE JESUS CASTRO,

Petitioner-Appellant,

versus

EVERGLADES CORRECTIONAL INSTITUTE,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

State prisoner Manuel De Jesus Castro, proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On appeal, Castro argues that he was denied effective assistance of counsel during the "critical stages" of his plea proceeding because he did not understand the consequences of his guilty plea. Castro claims that his trial counsel advised Castro to plead guilty even though counsel knew that Castro did not always understand what counsel was saying and thus did not understand the consequences of his guilty plea. The district court determined that this claim was procedurally barred because a state court had concluded that Castro failed to timely raise the claim.[1] The district court granted a certificate of appealability on this issue.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

Under Florida Rule of Criminal Procedure 3.850, a defendant is permitted to file a post-conviction motion to vacate, set aside, or correct his sentence if the judgment was entered or the sentence was imposed in violation of the Constitution

---

[1] By not raising it in his initial brief, Castro has abandoned the argument that his counsel in a previous Rule 3.850 hearing was ineffective. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

or laws of the United States or the State of Florida, or if his plea was involuntary. Fla. R. Crim. P. 3.850(a)(1), (5). Generally, the defendant's Rule 3.850 motion is time-barred unless it is filed within the two-year period after his conviction(s) and sentence(s) became final. Fla. R. Crim. P. 3.850(b). An exception to the two-year time limitation applies if "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

A federal claim is subject to procedural default when the state court applies an independent and adequate ground of state procedure to conclude that the petitioner's federal claim is barred. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A state's procedural ruling rests on independent and adequate state grounds if: (1) the last state court rendering a judgment in a case clearly and expressly states that it is relying on state procedural rules to resolve the federal claim without reaching the claim's merits; (2) the rule relied upon is not intertwined with federal law; and (3) the state law is adequate, meaning that it is not applied in an arbitrary or unprecedented fashion. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). If a state court finds that a petitioner's claims are procedurally defaulted after applying an adequate and independent state law, a federal court is obligated to respect the state court's decision unless the petitioner

3

can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991).

Ordinarily, to demonstrate "cause," the appellant must "show that some objective factor external to the defense impeded [the petitioner]'s efforts to comply with the State's procedural rule." Siebert v. Allen, 455 F.3d 1269, 1272 (11th Cir. 2006) (quotation omitted). "Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). Prejudice means that "there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

To demonstrate a "fundamental miscarriage of justice," a defendant must show that, "in light of new evidence, it is probable that no reasonable juror would have convicted him." Mize, 532 F.3d at 1190. "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has

4

resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892.

Here, the state trial court denied Castro's claim of ineffective assistance of counsel because Castro's post-conviction motion raising that issue was untimely, having come several years after the deadline had passed for filing under Florida Rule 3.850. Castro has not contended that this timeliness rule is intertwined with federal law or was applied in an arbitrary or unprecedented fashion. See Judd, 250 F.3d at 1313. Accordingly, the state court applied an independent and adequate ground of state law to deny Castro's claim of ineffective assistance of trial counsel. See Bailey, 172 F.3d at 1302-03. This claim will be procedurally defaulted unless Castro can demonstrate cause and actual prejudice, or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750, 111 S. Ct. at 2565.

Castro has not demonstrated cause or actual prejudice in order to overcome the procedural bar. He does not dispute the state court's determination that he had filed the post-conviction motion raising this claim approximately four and a half years after his conviction was final, or that Rule 3.850(b) provides a two-year statute of limitations for this claim. Although Castro asserts that the facts upon which this claim relies did not reasonably exist during the two-year limitations

period, Castro reasonably should have known, at some point within two years after his conviction became final, that his lack of English comprehension had affected his understanding of the plea agreement. In addition, Castro has made no attempt to demonstrate that his trial counsel's alleged ineffectiveness with respect to this claim substantially prejudiced his outcome. See Henderson, 353 F.3d at 892. Castro also has not demonstrated a "fundamental miscarriage of justice," as he has not shown that he was actually innocent of the crimes for which he was convicted. See id.

Because Castro has not overcome the procedural default, there is no basis for federal habeas corpus relief.

**AFFIRMED.**