[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13276
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00500-HLA-JRK


EDWARD WILBERT HARRIS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 12, 2018)

Before TJOFLAT, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Edward Harris, a Florida prisoner proceeding pro se, appeals the denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which challenged his conviction for one count of escape under Fla. Stat. § 944.40.  On appeal, he argues that his trial counsel was ineffective for failing to discuss the law regarding confinement status and how it applied to the facts of his case prior to his entry of a guilty plea.  He argues that, because he was on work release at the time of his conviction, he was not considered "confined" under Florida law, and, therefore, he could not have been guilty of escape.  The State of Florida argues that Harris failed to exhaust this claim in state court.

We may affirm the denial of a habeas petition on any ground supported by the record.  *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008).  We review de novo whether a petitioner exhausted his claims in state court.  *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990).

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b), (c).  To satisfy the exhaustion requirement, a petitioner must fairly present federal claims to the state courts to give those courts an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995) (internal quotation mark omitted).  Specifically, a

2

habeas petitioner must have "presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation mark omitted).  As such, a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record." *Id.* at 1303.

A party does not fairly present a claim if he presents the claim in state court for the first time in a procedural context in which the merits will not ordinarily be considered. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).  Further, the state court must have had an "opportunity to apply controlling legal principles to the facts bearing upon [petitioner's] constitutional claim." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

A party cannot raise a new claim for the first time in an appeal from a post-conviction motion in a Florida appellate court. *Mendoza v. State*, 87 So. 3d 644, 660 (Fla. 2011) (per curiam).  An argument is cognizable on appeal in Florida only when the contention before the appeals court is the same "specific contention asserted as legal ground for the objection, exception, or motion" in the trial court. *Hutchinson v. State*, 17 So. 3d 696, 703 n.5 (Fla. 2009) (per curiam); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) (per curiam).

Here, Harris's ineffective assistance of counsel claim before the Florida trial court consisted of two alleged errors by his counsel:  A failure to "advise[] the

Defendant on the law regarding his defense [seemingly referring to coercion] and the State's burden of overcoming that defense at trial," and a failure to "advise[ the Defendant] of his right to file a motion for judgment of acquittal." Before this court, however, Harris now argues only one point: his attorney never informed him that Florida work release status does not count as confinement under the escape statute. He did not make this argument to the Florida trial court; he first mentioned such a theory in his optional brief to the Florida appellate court.

Thus, as it was raised for the first time on appeal, Harris's confinement argument was not cognizable in Florida courts. Because Harris deprived the Florida courts from being able to apply the law to the facts of his claim, and because he raised the argument for the first and only time in a procedural context in which the merits are not normally considered, Harris did not fairly present his claim to the Florida courts. Therefore, Harris has not satisfied the exhaustion requirement.[1]

**AFFIRMED.**

---

[1] Additionally, Harris has procedurally defaulted on his claim. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam) (noting that a party procedurally defaults on a claim when a party presents an unexhausted claim, and it is "obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default"). Motions for post-judgment relief under Florida Rule of Criminal Procedure 3.850 must be filed within two years of when the criminal judgment and sentence become final, subject to three exceptions, none of which apply here. Fla. R. Crim. P. 3.850(b). The judgment and sentence here became final in 2009. Because Harris failed to exhaust the claim he presents on appeal, and the limitations period on Rule 3.850 motions has passed, the claim is now procedurally barred.