[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11298
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00187-HLM

WILLIAM L. COBB, JR.,

Petitioner-Appellant,

versus

COMMISSIONER BRIAN OWENS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 12, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

William Cobb, Jr., a state prisoner proceeding pro se, appeals the district

court's denial of Claim 2 of his 28 U.S.C. § 2254 petition, which was an

ineffective-assistance-of-appellate-counsel claim.    We granted a certificate of appealability as to whether the district court erred when it concluded that Claim 2 was unexhausted and procedurally barred -- and, notably, both Cobb and the state agree on appeal that the district court erred in concluding that Claim 2 was unexhausted and procedurally barred.  After careful review, we vacate and remand.

We review the district court's denial of a § 2254 petition de novo.  McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).    Further, exhaustion and procedural default present mixed questions of law and fact, subject to de novo review.  Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990); Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction and sentence, either on direct appeal or in a state post-conviction motion.    28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must "fairly present federal claims to the state courts" to give the courts an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quotations and brackets omitted).  Exhaustion is not met when the petitioner has merely been through the state courts or presented all the facts necessary to support his claim.  Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317,

2

1343–44 (11th Cir. 2004). To properly raise a federal constitutional claim in state court, a petitioner must make the state court aware that the claim presents federal constitutional issues by articulating the constitutional theory serving as the basis for relief. Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003).

A federal claim is subject to procedural default if: (1) a state court applied an independent and adequate ground of state procedure to rule that the petitioner's federal claim was barred; or (2) the petitioner never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state procedural rules. Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). Exhaustion or procedural default may be excused if the movant establishes (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, meaning actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

The Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. To establish a claim of ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

3

After a careful review of the record on appeal, we agree with both parties that the district court erred when it denied Claim 2 as unexhausted and procedurally defaulted. As the record reveals, Claim 2 in Cobb's federal petition corresponded to a portion of Ground 10 in his state petition. In Claim 2, Cobb argued that appellate counsel was deficient for failing to raise on direct appeal the issue of impermissible hearsay statements, and as a result, his Sixth and Fourteenth Amendment rights were violated. Similarly, in Ground 10, Cobb objected to inadmissible hearsay evidence and argued, in part, that his counsel was ineffective on appeal, in violation of the Sixth and Fourteenth Amendments. Thus, Cobb made the state habeas court aware that his claim presented federal constitutional issues, because he articulated a constitutional theory serving as the basis for relief -- namely, ineffective assistance of appellate counsel under the Sixth and Fourteenth Amendments. Ziegler, 345 F.3d at 1307. On this record, he fairly presented his constitutional claims and gave the court an "opportunity to pass upon and correct" the alleged violation. Duncan, 513 U.S. at 365. Accordingly, the district court erred in determining that Claim 2 had not been raised as a claim of ineffective assistance of appellate counsel before the state court.

Moreover, the district court erred in concluding that Claim 2 was subject to procedural default. While the state habeas court found that Cobb's ineffective-assistance-of-trial-counsel claim was procedurally barred, it did not make this kind

of finding about his ineffective-assistance-of-<u>appellate</u>-counsel claim in Ground 10. <u>Judd</u>, 250 F.3d at 1313. As the record shows, the state habeas court divided Ground 10 into two claims, which it analyzed separately: ineffective assistance of appellate counsel, and ineffective assistance of trial counsel. It found that the ineffective-assistance-of-trial-counsel claim was barred on state procedural grounds, but, importantly, it concluded that the ineffective-assistance-of-appellate-counsel claim -- which is what Cobb now raises in Claim 2 -- failed under <u>Strickland</u>. Thus, the state habeas court did not dismiss this claim on an independent and adequate ground of state procedure, and the district court erred by construing it in that way. <u>Bailey</u>, 172 F.3d at 1302–03.

Accordingly, we vacate the judgment without prejudice and remand to the district court for reconsideration of Claim 2.

**VACATED AND REMANDED.**