[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11995
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-20886-MGC

FRANZ HERMAN RIGG,

Petitioner-Appellant,

versus

WARDEN, BLACKWATER RIVER CORRECTIONAL FACILITY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 17, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Franz Rigg, a counseled Florida prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition, in which he challenged his 2008

convictions for sexual battery and kidnapping.  On appeal, Rigg argues that: (1) the

district court erred in concluding that Claim 2, in which he alleged a violation of Brady v. Maryland, 373 U.S. 83 (1963), was procedurally defaulted, because he qualified for an exception under Martinez v. Ryan, 566 U.S. 1 (2012); (2) the district court erred in concluding that Claims 3a and 3f, in which he asserted ineffective-assistance-of-counsel claims, were procedurally defaulted, because the court wrongly held that those claims were not "substantial" enough to satisfy the Martinez exception; and (3) the district court incorrectly evaluated his properly exhausted ineffective-assistance claims.  After thorough review, we affirm.

We review the district court's denial of a habeas petition de novo, its factual findings for clear error, and mixed questions of law and fact de novo.  McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).  "An ineffective assistance of counsel claim is a mixed question of law and fact subject to de novo review."  Id.

First, we are unpersuaded by Rigg's claim that the district court erred in holding that his Brady claim was procedurally defaulted.  The doctrine of procedural default arises when a state prisoner fails to present his claims to the state court in a timely and proper manner, and the state court refuses to address the merits based on state law.  Wainwright v. Sykes, 433 U.S. 72, 81-88 (1977).  In those circumstances, a federal habeas court is precluded from hearing the merits, absent a showing of cause for the failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in a fundamental

2

miscarriage of justice.  Id.  Procedural default can arise in two ways: (1) when the state court correctly applies a procedural default principle of state law and concludes that the petitioner's federal claims are barred; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court.  Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.  Id.  When a claim is procedurally defaulted, a federal court may still address the merits if the petitioner can show cause for the default and prejudice from it.  Wainwright, 433 U.S. at 81-88.

In Colman v. Thompson, 501 U.S. 722, 752-54 (1991), the Supreme Court held that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default.  The Supreme Court reasoned that there is no constitutional right to an attorney in state post-conviction proceedings; thus, a petition could not claim constitutionally ineffective assistance of counsel in such proceedings and the petitioner "must bear the risk of attorney error that results in procedural default."  Id. at 752-53 (quotation omitted).

In Martinez, however, the Supreme Court announced an exception to the general rule that ineffective assistance of post-conviction counsel cannot establish cause excusing procedural default.  566 U.S. at 8-18.  There, a § 2254 petitioner

3

asserted ineffective-trial-counsel claims.  Martinez acknowledged that he had not raised those claims in state court and that those claims were barred by the doctrine of procedural default.  Nevertheless, Martinez claimed he had "cause" to excuse his default because his first state collateral counsel failed to raise his ineffective-trial-counsel claims in his first state collateral petition.  Id. at 4-8.  The Supreme Court asked "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding."  Id. at 5.  After declining to resolve that question on constitutional grounds, the Supreme Court decided Martinez's case on equitable grounds based on the "cause and prejudice" exception to the procedural default doctrine in federal habeas cases.  Id. at 8-9, 14-17.  To that end, the Supreme Court held that when, under state law,

> claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 17.

We've explained that the Martinez exception applies only where: (1) a state requires a prisoner to raise ineffective-trial-counsel claims at the initial-review stage of a state collateral proceeding and precludes those claims on direct appeal; (2) the prisoner did not comply with state rules and failed to raise ineffective-trial-

counsel claims properly in his state initial-review collateral proceeding; (3) the prisoner had no counsel (or his appointed counsel was ineffective by not raising ineffective-trial-counsel claims) in the initial-review collateral proceeding; and (4) not excusing the procedural default would cause the prisoner to lose a "substantial" ineffective-trial-counsel claim.  Arthur v. Thomas, 739 F.3d 611, 629 (11th Cir. 2014).  We noted that the Supreme Court "importantly" and "expressly" limited the holding in Martinez "to attorney errors in initial-review collateral proceedings." Id.  We also recognized that the Supreme Court later extended Martinez's rule to cases where state law technically permits ineffective-trial-counsel claims on direct appeal but state procedures, as a practical matter, make it virtually impossible to raise an ineffective-trial-counsel claim on direct appeal.  Id. at 629-30.

In Florida, a Rule 3.850 motion to vacate typically must be filed within two years after the judgment and sentence become final in a non-capital case.  Fla. R. Crim. P. 3.850(b).  In addition, a defendant cannot raise ineffective-assistance-of-trial-counsel claims on direct appeal in Florida.  Reynolds v. State, 99 So. 3d 459, 474 (Fla. 2012) (holding that ineffectiveness claims "generally are not cognizable on direct appeal and are properly raised in postconviction proceedings").

Here, the district court correctly concluded that the procedural default exception in Martinez did not extend to Ground 2 of Rigg's § 2254 habeas petition. For starters, there is no dispute that Ground 2 -- in which Rigg alleged that the state

5

committed a <u>Brady</u> violation during trial by withholding material exculpatory evidence -- was unexhausted. Indeed, as the record shows, Rigg did not raise this issue in <u>any</u> state court proceeding. See <u>Bailey</u>, 172 F.3d at 1303. Further, the claim is now procedurally barred under Florida state rules as untimely, since it has been more than two years since Rigg's conviction and sentence became final. See Fla. R. Crim. P. 3.850(b); <u>Bailey</u>, 172 F.3d at 1302-02.

Rigg nevertheless maintains that this procedural default should be excused under <u>Martinez</u> because his post-conviction counsel was ineffective for failing to raise the issue in his Rule 3.850 motion. But the rule in <u>Martinez</u> specifically provided a "narrow exception" and only discussed its application in terms of procedurally defaulted ineffective-assistance-of-trial-counsel claims. 566 U.S. at 17. Here, Rigg seeks to use <u>Martinez</u> to excuse the procedural default of a claim alleging a <u>Brady</u> violation, not of a claim alleging ineffective assistance of trial counsel. Thus, <u>Martinez</u> does not apply to the <u>Brady</u> claim that Rigg attempts to raise in his § 2254 petition, and Rigg cannot benefit from the Supreme Court's holding. Accordingly, the district court did not err in concluding that the <u>Brady</u> claim was procedurally defaulted. See <u>Arthur</u>, 739 F.3d at 629.

Nor do we agree with Rigg that the district court wrongly rejected his ineffective-assistance-of-counsel claims as procedurally defaulted. As we've detailed, to succeed in establishing that the <u>Martinez</u> exception applies, a petitioner

must show that: (1) a state requires a prisoner to raise ineffective-trial-counsel claims at the initial-review stage of a state collateral proceeding and precludes those claims on direct appeal; (2) the prisoner did not comply with state rules and failed to raise ineffective-trial-counsel claims properly in his state initial-review collateral proceeding; (3) the prisoner had no counsel (or his appointed counsel was ineffective by not raising ineffective-trial-counsel claims) in the initial-review collateral proceeding; and (4) not excusing the procedural default would cause the prisoner to lose a "substantial" ineffective-trial-counsel claim. A "substantial" claim is one that has "some merit." Martinez, 566 U.S. at 14.

> Under 28 U.S.C. § 2254(d):
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or,
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that: (1) "counsel's performance was deficient" in that it "fell below an objective standard of reasonableness"; and (2) "the deficient performance

7

prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A reviewing court need not address the performance prong of the test if the defendant cannot meet the prejudice prong and vice versa. Id. at 697.

To prove deficient performance, a prisoner must show that counsel erred so seriously that he did not serve as the counsel guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms; counsel's performance is deficient only if it falls below the wide range of competence demanded of counsel in criminal cases. Id. at 688-89. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Since judicial review of counsel's performance already must be highly deferential, a federal habeas court's review of a state court decision denying a Strickland claim is thus doubly deferential. Cullen v. Pinholster, 563 U.S. 170, 190 (2011).

As for prejudice, a prisoner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[S]ome conceivable effect on the outcome of the proceeding" is not a reasonable probability. Id. at 693. When challenging a conviction, the prisoner must show "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. To make our decision, we review "the totality of the evidence before the judge or jury." Id. Under § 2254(d), we do not ask whether "the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable -- a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation omitted).

Here, the district court did not err in denying Rigg's petition as to Claims 3a or 3f. At Rigg's trial, his former girlfriend Rosa Torrealba testified that when Rigg learned she had dated and had a sexual encounter with a man after she and Rigg broke up, Rigg assaulted her and demanded that she ask the man to her apartment so Rigg could meet him. At that meeting, said Torrealba, Rigg committed the offenses against the victim. In Claim 3a, Rigg argued that his trial counsel was ineffective for not cross-examining Torrealba about a letter she sent to the trial court in her case, in which she said she had an unpleasant experience with the victim before the crime. Rigg claims the letter would have given Torrealba a motive "incompatible with the state's theory that Mr. Rigg masterminded the entire

9

situation." While the record reveals that counsel did not cross-examine Torrealba about the letter, counsel did aggressively question Torrealba about many things, including her relationships with Rigg and the victim and her expectation of receiving post-conviction relief in exchange for testifying against Rigg.

In light of the deference we give to trial counsel's strategic decisions, and the thorough cross-examination counsel undertook to challenge Torrealba's credibility, we cannot say that Rigg's trial counsel was deficient for failing to cross-examine Torrealba about the letter. Notably, Rigg's defense at trial was that he did not commit the crime -- and more precisely, that the victim may have concocted the story. Had counsel asked Torrealba about a letter that may have given her, as well as Rigg, a motive for the crime, this line of defense would have been inconsistent with the strategy that was used. As we've explained, "[c]ounsel is not required to present every nonfrivolous defense." Chandler v. United States, 218 F.3d 1305, 1319 (11th Cir. 2000) (en banc). On the contrary, "[t]here is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" Harrington v. Richter, 562 U.S. 86, 109 (2011). Thus, "counsel's reliance on particular lines of defense to the exclusion of others . . . is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler, 218 F.3d at 1318; accord Hunt v. Comm'r, Ala. Dep't of Corr., 666 F.3d 708, 726 (11th Cir. 2012). Rigg has made

absolutely no showing to this effect. Moreover, asking Torrealba about her experience with the victim could have undermined Rigg's innocence defense, which suggested that no crime had occurred.

Nor can we say that cross-examination about the letter would have led to a "reasonable probability" of a different outcome at trial. Counsel vigorously cross-examined Torrealba and exposed her motives and incentives in testifying against Rigg. In addition, defense counsel: (a) cross-examined the victim about his motivations for testifying; and (b) argued in closing that both the victim and Torrealba had ulterior motives for testifying against Rigg, and questioned where the missing letter was. Moreover, testimony from the medical and forensic experts at trial -- in addition to testimony from Torrealba -- corroborated the victim's description of the offense, and vice versa. And, what's more, Rigg admitted at trial that he had fled to Panama upon learning that he was going to be charged with sexual battery and kidnapping. The record, therefore, contains overwhelming evidence of Rigg's guilt, and we do not see how cross-examination about a letter -- a letter that did not address whether or not Rigg committed the offenses -- would have led to the reasonable probability of a different result. As Strickland makes clear, the prejudice prong requires more than "some conceivable effect" on the outcome of the proceeding. Id. at 693. Because the district court did not err in concluding that Rigg's Claim 3a failed to make a "substantial" ineffectiveness

claim under Strickland's performance and prejudice prongs, it did not err in concluding that Rigg failed to meet the requirements under Martinez for an exception to procedural default.

In Claim 3f, Rigg argued that his counsel was ineffective for failing to find and include testimony from Torrealba's former employer that Torrealba had had a poor experience dating the victim and sought revenge against the victim and Rigg. But, again, in light of the overwhelming evidence of Rigg's guilt, there is no indication that additional testimony from Torrealba's employer would have led to the "reasonable probability" of a different result for Rigg.   Because the district court did not err in concluding that Rigg's Claim 3a failed to make a "substantial" ineffectiveness claim under Strickland's prejudice prong, it did not err in concluding that Rigg failed to meet the requirements under Martinez for an exception to procedural default.

Finally, we find no merit to Rigg's argument that the district court incorrectly evaluated his remaining ineffective-assistance claims.  As we've noted, when an ineffective-assistance claim is raised in a § 2254 petition, the inquiry turns upon whether the relevant state court decision was contrary to, or an unreasonable application of Strickland.  Cullen, 563 U.S. at 188-90.  Under Strickland, a § 2254 petitioner must show that his Sixth Amendment right to counsel was violated because: (1) his attorney's performance was deficient, and (2) the deficient

performance prejudiced his defense.  466 U.S. at 687, 697.  In considering a claim that a prosecutor's comments to the jury during closing argument violated a petitioner's right to a fair trial, federal habeas corpus review is limited evaluating due process violations, not police the broad exercise of supervisory power. Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974).

Here, the state trial court's decision to deny Claims 3b and 3c was not an unreasonable application of Strickland.  In Claim 3b, Rigg argues that it was deficient for his counsel to not call a medical expert to testify about alternative causes for the victim's rectal tear injury -- such as a bowel movement, as opposed to trauma -- which the state maintained Rigg had inflicted.  However, on cross-examination of the state's medical expert, Rigg's trial counsel elicited a concession that the victim's injury could have been consistent with many acts other than rape or trauma, including consensual acts.  In other words, the state's own witness admitted just what Rigg has claimed his own expert would have opined.  Further, as the state trial court noted, Rigg's proposed expert's letter explaining his opinion admitted that his findings were not inconsistent with the state's expert's findings. Thus, there is no indication that Rigg's trial counsel was deficient for failing to call an expert to testify, and the state trial court did not act unreasonably in denying this ineffective-assistance-of-trial-counsel claim.  See Knowles, 556 U.S. at 123.

In Claim 3c, Rigg claims that his trial counsel was ineffective for failing to object to the prosecutor's questions and comments concerning Rigg's lack of alibi and corroborative witnesses -- namely, that the prosecutor improperly asked him why he did not have any of the people with whom he claimed to have had dinner with on the night of the crime testify about his whereabouts.  But as the state trial court noted, Rigg opened himself up to questions about his memory and consciousness of guilty by choosing to testify on his own behalf, and in doing so admitted that his memory of the night in question was incomplete.  Thus, under Florida law, it was not improper for the prosecutor to cross-examine him by probing his lack of memory and to ask why he could not call others whom he claimed he was with to clarify.  See Otero v. State, 754 So.2d 765, 769 (Fla. 3rd Dist. Ct. App. 2000) (holding that a defendant who testifies on his own behalf opens himself up to question regarding any apparent lack of memory as to the events surrounding the charged offense).  And, we've held that trial counsel is not ineffective for failing to raise non-meritorious objections.  See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (holding that trial counsel is not ineffective for failing to raise a non-meritorious issue).  Because there is no indication that trial counsel performed deficiently for failing to object on these grounds, the state trial court's decision to deny this ineffectiveness claim was not an unreasonable application of Strickland.

14

**AFFIRMED**.