[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12039
Non-Argument Calendar
_____

D.C. Docket No. 7:18-cv-00038-WLS-TQL

RICHARD MORRISON,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 18, 2020)

Before MARTIN, LAGOA, and FAY, Circuit Judges.

PER CURIAM:

Richard Morrison is a Georgia prisoner serving a life sentence. In 2018, Morrison filed a petition for habeas relief under 28 U.S.C. § 2254, raising eight grounds for relief. Relevant here, Morrison says his due process rights were violated by the four-year delay in receiving his trial transcripts. The district court denied Morrison's § 2254 motion in full. Relevant to this appeal, the district court held that Morrison's due process claim was procedurally barred and that it did not state an adequate ground for federal habeas relief. Although the district court erred in holding that Morrison's claim was procedurally barred, we nevertheless affirm the district court's order because it correctly held that the state court's decision was not contrary to nor involved an unreasonable application of clearly established federal law.

## I.

In 2011, Morrison was found guilty of malice murder following a jury trial. Morrison, then represented by counsel, moved for a new trial. While the motion remained pending, Morrison made multiple requests for his trial transcripts. On April 21, 2014, Morrison filed a complaint against the court reporter assigned to his trial with the Board of Court Reporting of the Judicial Council of Georgia (the "Board"). The court reporter sent Morrison his trial transcript on May 22, 2015. In July 2015, the Board suspended the court reporter after concluding that the

2

nearly four-year delay in furnishing Morrison his transcripts constituted "unprofessional conduct."

Morrison thereafter appealed his conviction to the Georgia Supreme Court. Relevant here, he argued that the delay in receiving his trial transcripts violated his due process rights because it (1) caused prejudice, anxiety, fatigue, and memory loss; and (2) resulted in the passing of compulsory witnesses. The Georgia Supreme Court denied Morrison's appeal in full. Morrison v. State, 810 S.E.2d 508, 515 (2018). As to his argument concerning the delay in receiving his transcript, the court observed that the Georgia statute governing transcript recording in criminal cases does not provide a specific timeline for preparation of the transcript. Id. at 514 (citing O.C.G.A. § 17-8-5(a)). The court also pointed out that, "while Morrison alleges prejudice in this delay, he has pointed to none, and he has failed to identify the witnesses he claims were lost by the delay." Id. The court thus rejected Morrison's claim. Id.

In 2018, Morrison filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Georgia. He raised eight grounds for relief, including that his direct appeal was prejudiced by the delay in receiving his trial transcripts. A magistrate judge issued a report and recommendation recommending that the district court deny Morrison's § 2254 petition. The magistrate judge found that Morrison's claim concerning the delay in

3

receiving his trial transcripts was procedurally defaulted because he "did not raise th[is] claim[] in his state court proceedings." R. Doc. 68 at 11. The magistrate judge also found that Morrison's delay in receiving his trial transcript "d[id] not present adequate grounds for federal habeas relief" because this delay did not violate clearly established federal law. Id. The district court adopted the magistrate judge's opinion and denied Morrison's § 2254 petition in full.

## II.

We review de novo a district court's denial of a § 2254 habeas petition. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). We liberally construe pro se petitions. Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013).

## III.

We must briefly address the scope of Morrison's appeal before proceeding to the merits. The district court denied Morrison's transcript-delay claim based on (1) its finding that Morrison's claim was procedurally defaulted; and (2) its alternative holding that Morrison did not state a valid basis for federal habeas relief. This Court issued an order granting Morrison a certificate of appealability ("COA") as to "[w]hether the district court erred in determining that Morrison procedurally defaulted his claim that his appeal had been prejudiced by his unduly delayed receipt of requested trial transcripts." Though the order said this was the "only" issue on which a COA was being granted, it further found that

4

"[r]easonable jurists would also debate whether Morrison's § 2254 petition stated a facially valid claim for the denial of a constitutional right."  (Emphasis added.)  In light of the district court's order, which denied Morrison's claim as both procedurally defaulted and facially invalid, we interpret the COA to identify two issues: first, whether the district court erred in holding that Morrison's transcript-delay claim was procedurally defaulted; and second, whether the district court erred in holding that Morrison's claim did not state a valid basis for federal habeas relief.[1]  See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) ("[W]e will construe the issue specification [in a COA] in light of the pleadings and other parts of the record.").  We address these issues in turn.

The district court erred in holding that Morrison's claim concerning the delay in receiving his trial transcripts was procedurally defaulted.  As a prerequisite to seeking federal habeas relief, a petitioner must have exhausted the federal constitutional claim in the state courts.  See 28 U.S.C. § 2254(b)(1)(A).  In order to exhaust state remedies, the petitioner must "fairly present" the federal

---

[1] On appeal, Morrison raises several other claims, including that (1) he received constitutionally deficient counsel; (2) the state failed to disclose certain evidence; (3) he was denied access to his counsel; (4) the magistrate judge's report and recommendation was not supported by sufficient evidence; (5) but for the constitutional errors, no reasonable factfinder would have found him guilty; and (6) the district court erred by failing to hold an evidentiary hearing and erred in denying his motion to expand the record.  While the scope of the COA can be fairly interpreted to cover the merits of Morrison's transcript-delay claim, it cannot be read to address Morrison's remaining claims.  Because the scope of our review is limited to the issues in the COA, McClain v. Hall, 552 F.3d 1245, 1254 (11th Cir. 2008), we do not address Morrison's other claims.

claim to the state's highest court, either on direct appeal or on collateral review. Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010). A claim is subject to procedural default where a petitioner failed to exhaust the claim, and it is clear from state law that any future attempts at exhaustion would be futile. Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam). A state prisoner does not "fairly present" a claim if the state court must read beyond a petition or brief to alert it to the presence of a federal claim. Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004). However, a petitioner may fairly present a claim by indicating that he relied on federal law or by simply labeling the claim "federal." Id.

Morrison fairly presented the claim at issue—that he suffered prejudice as a result of the four-year delay in receiving his trial transcript—to the state's highest court on direct appeal. In his appeal of his conviction to the Georgia Supreme Court, Morrison argued that the delay in receiving his trial transcripts violated his due process rights. In support of his claim, Morrison cited two federal cases, and no others. [2] Morrison thus fairly presented his claim to the state's highest court, Baldwin, 541 U.S. at 32, 124 S. Ct. at 1351, and the state court adjudicated this claim on the merits, Morrison, 810 S.E.2d at 514. As a result, Morrison's claim

---

[2] Morrison cited Smith v. Wainwright, 777 F.2d 609 (11th Cir. 1985), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

was neither unexhausted nor procedurally defaulted.  See Ward, 592 F.3d at 1156;

Bailey, 172 F.3d at 1305.  The state concedes that the district court erred in holding

that Morrison's claim was procedurally defaulted.  Br. of Appellee at 10.

Although Morrison's claim concerning the delay in receiving his trial

transcript is not procedurally defaulted, it nevertheless fails because it does not

state a valid basis for federal habeas relief.  Under the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), if a state court has adjudicated a claim on

the merits, a federal court may not grant habeas relief unless the state court's

decision (1) was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court, or (2) resulted in a

decision that was based on an unreasonable determination of the facts.  28

U.S.C. § 2254(d)(1)–(2).  A state court's ruling is an unreasonable application of

clearly established federal law if the ruling "was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any

possibility for fair[-]minded disagreement."  Burns v. Sec'y, Fla. Dep't of Corr.,

720 F.3d 1296, 1304 (11th Cir. 2013) (quotation marks omitted).

The Supreme Court has never held that a petitioner has a constitutional right

to receive trial transcripts in a timely manner.  Nor have we discovered any

precedent holding that "prejudice" resulting from a delayed appeal amounts to a

constitutional violation.  See Owens v. McLaughlin, 733 F.3d 320, 329 (11th Cir.

7

2013) ("The Supreme Court has never held that there is a constitutional right to a speedy direct appeal in a state criminal case.").  As a result, the Georgia Supreme Court's denial of Morrison's transcript-delay claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.  See id.  We therefore must affirm the district court's denial of Morrison's federal habeas petition.

**AFFIRMED.**