[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11508

Non-Argument Calendar

_____

PLEADRO J. SCOTT,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22439-BB

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and LUCK, Circuit Judges.

PER CURIAM:

Pleadro Scott, a Florida prisoner, appeals the denial of his *pro se* petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to address whether the district court erred in dismissing five of his claims as procedurally barred based on adequate and independent state grounds. Because three of Scott's five claims were not procedurally barred, we vacate and remand in part and affirm in part.

## I. BACKGROUND

In 2014, Scott was convicted of armed burglary, armed kidnapping, armed robbery, attempted armed robbery, armed sexual battery, and unlawful sexual activity with two minors. The trial court sentenced Scott to consecutive sentences of life imprisonment on three counts and lesser sentences on the remaining counts. The Third District Court of Appeal affirmed.

In 2016, Scott filed a *pro se* motion to vacate. He alleged 15 claims for relief, including that the state failed to turn over allegedly exculpatory evidence of a video recording of another person admitting to having consensual sex with the victims. He requested a

deferred ruling because his trial counsel had refused to provide him a copy of his file.

The trial court treated the motion as one under Florida Rule of Criminal Procedure 3.850 and denied it. Paragraph I of the order discussed a motion *in limine* to exclude Scott's post-arrest statement. And Paragraph VIII of the order rejected his claim that a third party had consensual sex with the victims at the time of the sexual assaults as "inherently incredible."

In 2017, Scott filed an amended second or successive motion for postconviction release raising 33 claims, with only six relevant to this appeal. In state claim 1, he repeated his claim that the state failed to turn over an allegedly exculpatory video recording but acknowledged that the state alleged he was the one who made the admission. In state claim 2, he alleged that his trial counsel was ineffective for failing to investigate the identity of the person who allegedly made the admission on the recording. He alleged he did not raise the claim earlier because he did not know what investigation his attorney performed until he received his client file. In state claim 4, he alleged that his trial counsel was ineffective for failing to interview, depose, or call state and county Combined DNA Index System administrators to testify regarding a lab report that his counsel possessed. In state claim 8, he alleged that his trial counsel was ineffective for failing to object to a "constructive charging information." In state claim 19, he alleged that his trial counsel was ineffective for failing to assist him in filing a postconviction motion in another case used as evidence in this case. In state claim 21, he

alleged that his trial counsel was ineffective for failing to impeach the state's DNA expert, David Arnold, when his attorney had a report that undermined Arnold's testimony that he was not an administrator. Scott acknowledged that he had previously raised claim 1. He stated that he did not raise claims 2, 4, 8, and 21 before because his trial counsel failed to turn over his file and he had limited knowledge of the law. He did not provide a reason for failing to raise claim 19.

The state postconviction court denied Scott's motion. It ruled that some claims were successive and others meritless. The Third District Court of Appeal summarily affirmed in a *per curiam* order.

Scott then filed a second amended *pro se* petition for a writ of habeas corpus in the district court. He raised 33 claims, with only five relevant to this appeal. He raised state claims 2, 4, 8, 19, and 21 as federal claims 14, 4, 16, 22, and 11 respectively. The state admitted in its response that federal claim 11 was exhausted but argued that federal claims 4, 14, 16, and 22 were procedurally defaulted because they had been denied on procedural grounds.

The district court dismissed Scott's second amended petition in part and denied it in part. As relevant to this appeal, the district court dismissed federal claims 4, 11, 14, 16, and 22 as procedurally defaulted under state law. It denied a certificate of appealability. We granted a certificate of appealability as to whether the district court erred in finding that federal claims 4, 11, 14, 16, and 22 of his petition were procedurally barred.

## II. STANDARD OF REVIEW

We review *de novo* a ruling that a claim is procedurally barred. *Carey v. Dep't of Corr.*, 57 F.4th 985, 989 (11th Cir. 2023). Whether a state procedural bar serves as an independent and adequate ground is a question of federal law. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). Because the Florida Third District Court of Appeal summarily affirmed, we must "look through that unexplained decision to the last related state-court decision that does provide a relevant rationale." *Carey*, 57 F.4th at 992 (citation and internal quotation marks omitted).

## III. DISCUSSION

We divide our discussion into five parts. First, we explain that the district court erred in dismissing federal claim 11 because the state postconviction court addressed the claim on the merits without relying on a state procedural bar. Second, we explain that the district court erred in dismissing federal claim 14 because it was not clear that the state postconviction court relied on a state procedural bar. Third, we explain that the district court erred in dismissing federal claim 16 because the state procedural bar that the state postconviction court relied on was not adequate. Fourth, we explain that the district court did not err in dismissing federal claim 4 because the state postconviction court relied on an independent and adequate procedural bar. Fifth, we explain that the district court did not err in dismissing federal claim 22 because the state

postconviction court relied on an independent and adequate procedural bar.

### A. The District Court Erred in Dismissing Federal Claim 11.

The district court erred in dismissing federal claim 11 (state claim 21) as procedurally barred. "A state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim" if it rests on an "independent and adequate state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (internal quotation marks omitted). We have established a three-part test to determine whether a state procedural ground is independent and adequate: the state court must clearly and expressly rely on a state procedural rule without reaching the merits of the claim; the procedural rule must be independent of federal law; and the rule must be adequate such that it is not applied in an "arbitrary or unprecedented fashion." *Id.* To satisfy the first requirement, the "state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 261–62 (1989).

The state concedes that the district court erred in dismissing federal claim 11 as procedurally defaulted because the state court addressed the merits of the claim without relying on a state procedural bar. *See id.* The state's arguments that Scott waived that error by not raising it in his *pro se* post-judgment motion and that the claim lacks merit exceed the scope of the certificate of appealability, *see Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998)

("[A]ppellate review is limited to the issues specified in the COA."), and cannot be considered a timely application for expansion of the certificate of appealability, *see Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir. 1999). The district court erred in dismissing federal claim 11.

### B. The District Court Erred in Dismissing Federal Claim 14.

The district court erred in dismissing federal claim 14 (state claim 2) as procedurally barred. As we have explained, a state court must have actually relied on a procedural bar as an independent basis for its decision. *See Harris*, 489 U.S. at 261–62. State court judgments are presumed not to rest on independent and adequate state grounds "when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (citation and internal quotation marks omitted). When making this determination, we must read the state court's decision "as a whole." *Heath v. Jones*, 941 F.2d 1126, 1137 (11th Cir. 1991).

The state postconviction court did mention the state procedural bar on successive motions when analyzing federal claim 14, but it is unclear from the decision whether the state court actually relied on this procedural rule in denying the claim. *See Coleman*, 501 U.S. at 735. The court analyzed state claims 1 and 2 (federal claim 14) together because they both involved access to a digital video disc. It stated that both claims "are denied as successive and

inherently incredible." The state court stated that "his claim regarding the DVD was previously raised by" Scott. State claim 1 was denied on the merits as "inherently incredible" such that that claim would be successive. *See* Fla. R. Crim. P. 3.850(h)(2) ("[A] court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits."). But Scott did not raise state claim 2 in the first motion, so that claim could only be denied as successive if the court concluded that raising it now constituted an abuse of the procedure or that Scott had not shown good cause, and nothing in the state court's decision suggests it reached that conclusion. *See id.* (A court may dismiss a second or successive motion "if new and different grounds are alleged" and "the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause.").

The statements about Scott's ineffective assistance of counsel claim in claim 2—that there was no basis for claiming a third party made the admission, that any post-arrest statement was the subject of a motion *in limine*, and that Scott did not state any investigative actions his attorney should have taken—were relevant to the deficient-performance inquiry, which is a merits determination. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). And any ruling that considered the substantive claim regarding exculpatory evidence in claim 1 and the ineffective assistance of counsel claim in claim 2 as the same such that they would be barred as successive together would be "interwoven with the federal law,"

*Coleman*, 501 U.S. at 735, because a claim of ineffective assistance of counsel is analytically distinct from an underlying violation of federal law, *see Bailey v. Nagle*, 172 F.3d 1299, 1304 n.8 (11th Cir. 1999). Absent a statement explaining why state claim 2 was successive, the presumption that a state court decision does not rest on adequate and independent state grounds applies since "the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman*, 501 U.S. at 735. The district court erred in dismissing federal claim 14.

### C.  The District Court Erred in Dismissing Federal Claim 16.

The district court erred in dismissing federal claim 16 (state claim 8) as procedurally barred. The requirement that a state court relies on an independent state procedural ground is satisfied when a state court relies on a procedural rule and reaches the merits of a federal claim in an alternative holding "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris*, 489 U.S. at 264 n.10. We have held that a denial of a petition as successive under state law and on the merits meant the state court decision was denied on adequate and independent state procedural grounds, even though the state court cited the federal standard, did not cite the state rule on successive motions, and "could have been more explicit." *Bailey*, 172 F.3d at 1304–05.

Only in exceptional cases will a state procedural rule that is "firmly entrenched" in state law be considered inadequate because its application is "manifestly unfair in its treatment of the petitioner's federal constitutional claim." *Judd*, 250 F.3d at 1313, 1316

(citation and internal quotation marks omitted). A state court rule must be correctly applied. *Bailey*, 172 F.3d at 1302; *see also Walker v. Engle*, 703 F.2d 959, 966 (6th Cir. 1983) ("[W]hen a state appellate court applies a procedural bar that has no foundation in the record or state law, the federal courts need not honor that bar."). But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

The state postconviction court's reliance on successiveness to deny claim 16 was not an adequate procedural bar. The court relied on an alternative, independent procedural ground by stating that the claim was denied as successive and "also" denied on the merits under *Strickland*. *See Harris*, 489 U.S. at 264 n.10; *see also Sochor v. Florida*, 504 U.S. 527, 533–34 (1992) (holding that a state court relied on an alternative state procedural ground when it stated that errors were not "objected to at trial . . . . In any event, Sochor's claims here have no merit"). This is true even though it cited federal law and not state law. *See Bailey*, 172 F.3d at 1304–05.

Although the bar on successive motions under Rule 3.850 may serve as an independent and adequate bar, which Scott does not contest on appeal, this is an exceptional case when such a firmly established rule is inadequate because the state court applied Rule 3.850 in a way that was unsupported by the record. It stated Scott's claim was "denied as successive as [Scott] presents no reason for having failed to include this claim in his motion that was denied." Scott stated in his motion that his attorney had failed to provide his

client file and referenced state claim 8, so Scott provided a reason. Because the court's decision is refuted by the record, ruling on that ground was "manifestly unfair in its treatment" of Scott's claim. *Judd*, 250 F.3d at 1313; *see Walker*, 703 F.2d at 966. The state postconviction court's ruling on successiveness was not adequate to support the decision, and the district court erred in dismissing federal claim 16.

### D.   The District Court Did Not Err in Dismissing Federal Claim 4.

The district court did not err in dismissing federal claim 4 (state claim 4) as procedurally barred. As with federal claim 16, the state postconviction court relied on an independent procedural ground by stating that the claim was denied as successive and "also" denied on the merits under *Strickland* as an alternative basis for its decision. *See Harris*, 489 U.S. at 264 n.10; *Sochor*, 504 U.S. at 533–34; *Bailey*, 172 F.3d at 1304–05. But unlike federal claim 16, there are no extraordinary circumstances such that the state procedural bar was inadequate because the determination was not refuted by the record. The state court stated that testimony regarding this claim was brought out at trial and "[t]hus, [Scott] has no basis for having failed to include this ground in his previous motion . . . and this claim is denied a[s] successive." Scott argues that the state court incorrectly applied state law. But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. Unlike the court's ruling on federal claim 16, the determination as to federal claim 4 is not refuted by the record. The state court cited

information from Scott's own motion to find he did not have a reason for failing to raise the argument earlier. And Scott does not argue that he presented cause and prejudice for any procedural default, so we need not reach that issue.

### E. The District Court Did Not Err in Dismissing Federal Claim 22.

The district court did not err in dismissing federal claim 22 (state claim 19) as procedurally barred. The state postconviction court relied on an independent procedural ground by stating that the claim was denied as successive and "[a]dditionally" he did not have a right to postconviction counsel and "[f]inally" denied the claim based on a reasonable probability of a different result, a merits determination under *Strickland*, as an alternative basis for its decision. *See Harris*, 489 U.S. at 264 n.10; *Sochor*, 504 U.S. at 533–34; *Bailey*, 172 F.3d at 1304–05; *Strickland*, 466 U.S. at 694. And unlike federal claim 16, there are no extraordinary circumstances making the state procedural ground inadequate because the court's determination was not refuted by the record. The court stated that Scott "present[ed] no reason for his failure to have included this claim in his post-conviction motion" and denied it as successive. And Scott did not allege any reason for failing to raise federal claim 22 in his first motion. Scott does not argue that he presented cause and prejudice for any procedural default, so we need not reach that issue.

### IV. CONCLUSION

We **AFFIRM** the district court's dismissal of claims 4 and 22. We **VACATE** the district court's dismissal of claims 11, 14, and 16 and **REMAND** for consideration of those claims on the merits.